## Beaver County Trust Company, Trustee, v. Beaver County Commissioners et al.

*Frank E. Reed* of *Bradshaw, McCreary & Reed,* for plaintiff.

*John G. Marshall,* for defendants.

READER, P. J., March 11, 1942.—The above-entitled case is before us on a case stated. The facts agreed upon and the questions presented are set out in the paragraphs of the case stated which are quoted as follows:

"1. Plaintiff, Beaver County Trust Company, trustee, is the owner of certain real estate situate in the Borough of New Brighton under and by virtue of a

certain trust agreement between The Martsolf Furniture Company and said Beaver County Trust Company, dated November 30th, 1938, and a certain deed from The Martsolf Furniture Company, dated the 30th day of November, 1938, and recorded January 9th, 1939, in Recorder's Office of Beaver County in Deed Book Vol. 454, page 410, which real estate is designated in the aforesaid deed as 'Fourth' and being more particularly described therein as follows:

"All that certain piece, parcel or lot of land situate in the Second Ward of the Borough of New Brighton, County of Beaver, and Commonwealth of Pennsylvania, and being lot numbered three hundred thirty-eight (338) in the General Plan of said Borough, bounded on the North by lot numbered three hundred thirty-six; on the East by Fourth Avenue; on the South by lot numbered three hundred forty; and on the West by Third Avenue.

"Having a frontage of forty-two feet on Third Avenue and extending of even width therefrom 150 feet to Fourth Avenue.

"2. That erected upon said premises is a three story brick storeroom and warehouse building known as No. 1105 Third Avenue, New Brighton, Pa.

"3. That Art W. Coombs, Joseph S. Edwards, and E. H. Markey are the duly-elected Commissioners of the County of Beaver and acting as such.

"4. That William V. Kennedy is the duly-elected Treasurer of Beaver County and acting as such.

"5. It is further averred that the property particularly described hereinabove and located in the Second Ward of the Borough of New Brighton, County of Beaver and Commonwealth of Pennsylvania, was sold to the County Commissioners of Beaver County by William V. Kennedy, Treasurer of Beaver County, at a tax sale held August 1st, 1940, of the 1931 and 1932 county, borough and school taxes, consideration for said taxes and costs of sale having been the sum of Nineteen

Hundred Sixty-seven and 74/100 Dollars; the deed to said property having been filed August 21st, 1940, in the Prothonotary's Office of Beaver County in Sheriff's Deed Book Vol. 9, page 212, and designated as No. 1202, said property being described therein as follows:

"Lot Borough of New Brighton—Second Ward, being lot 338 42 x 150 Br. Bldg. storerooms and storage, sold as property of Martsolf Furniture Company.

"6. It is further averred that said property is now carried on the books of the County Commissioners of Beaver County as follows:

" 'Martsolf Furniture Company
1212 7th Avenue
New Brighton, Pa.

> Lot 338 42x150      $1290
> 3 story Br. storage
>      and   warehouse 6000
> 1105 3rd Avenue.'

"7. Said property has not been redeemed and the period has not yet expired and there is now due and owing on said property taxes for the years 1931 to 1941, inclusive.

"8. On November 1st, 1941, Beaver County Trust Company, Trustee, made tender to the County Commissioners of Beaver County and William V. Kennedy, Treasurer, in the sum of Fourteen Hundred Eighty-three and 79/100 Dollars for all the taxes due for the year 1941 and 20 percent of the filed taxes, in accordance with the provisions of the Act of May 1, 1941, P. L. 31 (72 P. S. §5573, etc.).

"9. That on November 1st, 1941, the County Commissioners of Beaver County and William V. Kennedy, Treasurer of Beaver County, refused said tender of payment made as aforesaid, asserting that they were unauthorized by law to accept said tender of payment and averring that payment must be tendered and made pursuant to the provisions of the Act of the General Assembly of July 28, 1941 [P. L. 535 §1] (Act No. 216), (72 P. S. 6105.1 etc.). . . . .

"11. That the County of Beaver, the Borough of New Brighton, and the School District of the Borough of New Brighton accepted the provisions of the Act of 1941, P. L. 31, in accordance with section 1 thereof.

"12. That if payment is made and accepted pursuant to the provisions of the Act of 1941, P. L. 31, as tendered by plaintiff, all penalties and interest imposed would be abated under the terms and provisions of said act, whereas if payment were made pursuant to the provisions of the Act of 1941, P. L. 535, penalties and interest accrued thereon would be charged against said properties.

"13. The following question is, therefore, submitted for the determination of your Honorable Court:

"(a) Whether the said defendants are required to accept the payment of taxes as tendered by plaintiff in accordance with the provisions of the Act of 1941, P. L. 31, or in accordance with the provisions of the Act of 1941, P. L. 535?

"14. If the court shall be of the opinion that the said defendants are required to accept payment of said taxes in accordance with the provisions of the Act of 1941, P. L. 31, with all penalties and interest imposed abated, then the court is respectfully requested to enter judgment in favor of the plaintiff.

"15. If the court shall be of the opinion that said defendants are required to accept payment of said taxes in accordance with the provisions of the Act of 1941, P. L. 535, then the court is respectfully requested to enter judgment in favor of the defendants."

As appears from the case stated, as above quoted, plaintiff tendered the taxes due upon the property in question under the provisions of the Act of May 1, 1941, P. L. 31, 72 PS §5573, etc. The county refused to accept the taxes as tendered, taking the position that payment should be made in accordance with the Act of July 28, 1941, P. L. 535, 72 PS §6105.1, etc. The earlier act provides for payment in instalments without the

payment of penalties and interest. The later act provides for the redemption of properties sold at tax sales by payment of the taxes due in instalments, but without the abatement of penalties and interest. It is the contention of the county that the later act repeals the earlier act so far as relates to the redemption of property sold for taxes, and that in all cases where the right of redemption is exercised on the instalment plan the payment must include the payment of penalties and the interest.

The first paragraph of section 1 of the Act of May 1, 1941, P. L. 31, 72 PS §5573, reads as follows:

"All penalties and interest imposed on unpaid delinquent county (except counties of the second class), city (except cities of the first and second class), borough, town, township, school district (except school districts of the first class), poor district (except in counties of the second class), and county institution district (except counties of the second class) taxes for the tax year one thousand nine hundred and forty and all previous years, assessed and levied against any parcel or parcels of real estate, are hereby abated without the necessity of further action by the authority levying the tax, if the unpaid delinquent taxes are paid as hereinafter provided, unless the authority levying the tax shall have notified the county treasurer within thirty days after this act becomes effective that the taxing authority has rejected by a majority vote the provisions of this act."

The first section of the Act of July 28, 1941, P. L. 535, 72 PS §6105.1, reads as follows:

"In all cases where heretofore or hereafter real property shall have been or shall be purchased at any tax sale by any political subdivision, any person who was or is entitled under existing law to redeem such property shall have such right of redemption so long as the title thereto remains in said political subdivision upon the payment of the amount due thereon by installments in the manner hereinafter provided, whether or not the

period during which the right of redemption existed shall have expired."

It is apparent from the reading of the earlier act that by its terms it is applicable to the payment of all delinquent taxes, including taxes on property sold to a political subdivision, where the period within which the same may be redeemed has not passed. The later act relates only to the redemption of properties sold for taxes prior to the passage of the act, or thereafter sold, and permits such redemption so long as the property sold remains in the ownership of the political subdivision which purchased it. The earlier act is effective only as to payments made on or before November 1, 1941. It has no application to the case of property sold for taxes where the period for redemption has passed. It is apparent therefore that the only possible conflict between the two acts relates to the payment of taxes on properties sold for taxes where the period of redemption has not expired, and for the period between the adoption of the later act, July 28, 1941, and November 1, 1941. The question for determination, as above stated, is whether the later act repealed the earlier in its application to such cases.

The contention of the county is that the later act renders the earlier act inoperative in this respect simply because it is later as to the time of its enactment. The county relies upon section 65 of article IV of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §565. Said section 65 reads as follows:

"Whenever the provisions of two or more laws passed during the same session of the Legislature are irreconcilable, the law latest in date of final enactment, irrespective of its effective date, shall prevail from the time it becomes effective except as otherwise provided in sections seventy-two and ninety-four."

It seems to us that in construing the statutes now under consideration we should consider not only the section above quoted, but also sections 62 and 63 of said

Statutory Construction Act. Section 62 (46 PS §562) reads as follows:

"Laws or parts of laws are in pari materia when they relate to the same persons or things or to the same class of persons or things.

"Laws in pari materia shall be construed together, if possible, as one law."

Section 63 (46 PS §563) reads as follows:

"Whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the Legislature that such general provision shall prevail."

It seems clear to us that the two acts now before us are in pari materia in view of the fact that they relate to the same subject matter. We think an attempt should be made to construe them together, having in view all their terms, rather than to rely upon the dates of their enactment only.

It seems to us that there are considerations which justify the conclusion that it was the intention of the legislature that both acts should be in full force during the periods limited by the statutes themselves. In that part of section 1 of the Act of May 1, 1941, above quoted, it is stated that all penalties and interest imposed on unpaid taxes of the classes indicated "are hereby abated without the necessity of further action by the authority levying the tax." The effect of this provision seems to be that where a municipality has accepted this act, as is the case now before us, the benefits of it automatically inure to any taxpayer who elects to make payments according to the terms of the act. The later Act of July 28, 1941, provides, however, that it shall be available

to a person entitled to redeem the property only upon such party entering into a written agreement with the taxing authorities. The terms of this agreement are set forth in the statute. The statute also makes provision for the delivery of possession of the property so redeemed and for the retaking of possession by the municipality upon default by the taxpayer in making payments according to the terms of the agreement. It seems to us that in the respect just referred to there is a marked distinction between the two statutes which tends to negative the contention that the later was intended to supplant the earlier in any respect.

Section 5 of the earlier act provides, among other things, that the county commissioners shall, at the cost of the county, cause to be published two times in not more than two newspapers of general circulation throughout the county, and in the legal newspaper, if any, a notice to the taxpayers, giving a synopsis of the terms of the act, setting forth the benefits provided by it, and the necessary conditions by which the taxpayers may avail themselves of it. The use of the word "shall" indicates that this provision is mandatory. It is only reasonable to suppose that such publication would not begin for at least a short time after the passage of the statute. Upon the giving of such notice taxpayers would no doubt make provisions for the payment of taxes in accordance with the provisions of the statute, having in view the provision that the statute might be availed of at any time up to November 1, 1941. It seems to us highly improbable that after having made provision for such notice, and in view of the probable subsequent conduct of delinquent taxpayers, the legislature would, on July 28th, following, have repealed these provisions of the statute even with reference to properties sold for taxes and which could be redeemed under the earlier statute, the time for redemption not having elapsed. It also seems to us that the improbability of such action is further emphasized by the fact that on

the same date, namely, May 1, 1941, the legislature enacted another act substantially identical with the one under consideration, but relating to the payment of taxes in other taxing districts than those embraced in the act under consideration. The other act referred to is found on page 34 of the Pamphlet Laws of 1941, and in 72 PS §5574, etc.

Section 8 of the earlier act, by providing that certain earlier abatement acts therein designated shall continue in full force as to taxpayers who take advantage of their provisions, indicates that the act under consideration was intended to be part of a general system of tax abatement laws. We think it should be construed and applied with this idea in view.

We think there is no such irreconcilable conflict between the provisions of the two acts as to prevent their being construed together and operating together. During the period between their enactment and November 1, 1941, the taxpayer whose property has been sold for taxes, where the period for redemption of the property from the tax sale has not expired, may proceed under the earlier act and secure the benefit of abatement. If the time for redeeming the property has expired he may redeem it on the instalment plan, subject to the payment of penalties and interest, upon entering into an agreement with the taxing district, as is provided by the later act.

For the reasons hereinbefore stated it seems to us unreasonable to assume that the legislature on July 28, 1941, intended to deprive the taxpayer of the benefits which it had conferred on May 1, 1941. Had this been the intention it seems to us that it would have been more specifically and expressly stated. It is true that the earlier act in its title says nothing with reference to the redemption of properties from tax sales. We think, however, that this is not fatal to the operation of the statute in case of such tax sales where the period of redemption has not elapsed as required by the act.

Where the period of redemption has not elapsed the tax-payer has a right, upon the payment of the taxes, to redeem the property, and the redemption is merely incidental to the payment of the taxes. The later act is exclusively an act providing for the redemption of properties sold for taxes. It enlarges the right to redeem by extending it beyond the usual period prescribed by the statutes, the period within which the right may be exercised being limited only by the time within which title under the tax sale remains in the political subdivision.

From a consideration of the terms of the two statutes under consideration we are satisfied that both may properly be treated as in effect and operation down to November 1, 1941. At that time the earlier act would cease to operate and the later act would continue to operate as to all tax sales.